**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2108**

FRIEDA DORTCH,

   Plaintiff - Appellant,

  v.

CELLCO PARTNERSHIP, d/b/a Verizon Wireless,

   Defendant - Appellee,

  and

VERIZON WIRELESS,

   Defendant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Donald C. Coggins, Jr., District Judge.  (3:17-cv-00145-DCC)

Submitted:  April 16, 2019          Decided:  May 16, 2019

Before NIEMEYER and THACKER, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Shannon Polvi, CROMER BABB PORTER & HICKS, LLC, Columbia, South Carolina, for Appellant.  William H. Floyd, Sara S. Svedberg, NEXSEN PRUET, LLC, Columbia,

South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frieda Dortch appeals the district court's order adopting the magistrate judge's report and granting summary judgment to her former employer, Cellco Partnership ("Verizon"), on her hostile work environment and discrimination claims raised pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018), and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621 to 634 (West 2008 & Supp. 2018). Finding no error, we affirm the district court's order.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

3

Dortch contends that the district court erred in rejecting her hostile work environment claim by concluding that the alleged harassment was not severe or pervasive and in finding that Verizon was not on notice of the harassment. To establish a hostile work environment claim, "a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of her [race or] sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and (4) was imputable to her employer." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 254 (4th Cir. 2015). Harassment is considered sufficiently severe or pervasive so as to alter the terms or conditions of the employment if a workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). The standard for proving an abusive work environment is intended to be a high one because it is designed to "filter out complaints attacking the ordinary tribulations of the workplace." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). Thus, the plaintiff must show not only that she subjectively believed her workplace environment was hostile, but also that a reasonable person could perceive it to be objectively hostile. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 333 (4th Cir. 2011). "Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (internal quotation marks omitted).

4

We conclude that the district court did not err in rejecting Dortch's claim. Dortch's supervisor's investigation into her team members' dissatisfaction with her and his subsequent decision to place Dortch on a performance improvement plan ("PIP") did not create an abusive working environment. *See id.* (concluding plaintiff's allegations regarding "actions taken against her in response to the concerns regarding her performance, fall well short of alleging an abusive working environment"). While one of Dortch's subordinates cursed at her during an altercation, "Title VII does not create a general civility code in the workplace." *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 335 (4th Cir. 2010) (internal quotation marks omitted). Moreover, several observers noted that this employee made his remarks after Dortch acted unprofessionally towards him, demonstrating that this was an ordinary workplace dispute.

We further conclude that the district court correctly concluded that there is no basis to impute any liability to Verizon for the coworker harassment. For a coworker's unwelcome conduct to be attributable to the employer, "the employee must show that the employer was negligent in controlling working conditions—that is, the employer knew or should have known about the harassment and failed to take effective action to stop it." *Strothers v. City of Laurel*, 895 F.3d 317, 332 (4th Cir. 2018) (internal quotation marks omitted). "[O]nce an employer has notice of harassment, it must take prompt remedial action reasonably calculated to end the harassment." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 424 (4th Cir. 2014) (internal quotation marks omitted). "Relatedly, a plaintiff seeking to impute liability to her employer for harassment by a co-worker may not be able to establish the employer's negligence if she did not report the harassment." *Boyer-*

5

*Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278 (4th Cir. 2015) (en banc). Verizon learned of Dortch's subordinate's profanity and conducted an investigation. While Dortch is dissatisfied that the investigation revealed that she was partially at fault for the incident, she offers no more than conclusory assertions to support her claim that her subordinate was not punished for his role in the incident. Moreover, Dortch does not allege that her subordinate engaged in any more profane conduct after the incident. *See Foster*, 787 F.3d at 255 (finding no basis to impute liability to employer where employer immediately investigated incident, disciplined harasser, and harassment stopped after investigation). Finally, as to Dortch's subordinate who possessed a book on Nazi Germany at his desk, Dortch concedes that she did not alert Verizon to her discovery of the book. Thus, Verizon was not on notice that it needed to correct any behavior. Accordingly, the district court correctly granted summary judgment on Dortch's hostile work environment claim. And because Dortch failed to establish this claim, the district court correctly rejected her constructive discharge claim as well. *See Pa. State Police v. Suders*, 542 U.S. 129, 149 (2004).

Dortch also argues that the district court erred in rejecting her discrimination claims. A plaintiff may establish a race or sex discrimination claim under Title VII through two avenues of proof. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). "First, a plaintiff may establish a claim of discrimination by demonstrating through direct or circumstantial evidence that sex [or race] discrimination motivated the employer's adverse employment decision." *Id.*

6

Second, a plaintiff may proceed under the familiar *McDonnell Douglas*[1] pretext framework. *Id.* at 285. Dortch proceeded under the pretext framework.[2]

To establish her prima facie case of discrimination, Dortch was required to show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015). If she did so, Verizon was required to proffer a legitimate, nondiscriminatory reason for its employment decisions. *Hill*, 354 F.3d at 285. Dortch then has the burden to show that Verizon's legitimate reason was, in fact, a pretext for intentional discrimination. *Id.*

Here, the district court determined that Dortch failed to establish an adverse employment action or satisfactory job performance. We agree. "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (brackets and internal quotation marks omitted). "A reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] Although Dortch briefly argues that she established her claim through the mixed motive framework, she failed to develop this argument in her brief, instead arguing the district court erred in concluding she failed to establish her prima facie case of discrimination. Accordingly, she has forfeited appellate review of any mixed motive claim. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).

7

some significant detrimental effect." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (internal quotation marks omitted). Examples of an adverse employment action include a "decrease in compensation, job title, level of responsibility, or opportunity for promotion." *Id.* (internal quotation marks omitted).

While Dortch challenges the PIP, a final written warning, and her 2015 performance review, "a poor performance evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment." *Id.* at 377 (internal quotation marks omitted). Here, Dortch identified two consequences from her negative performance review—the shift change and a lesser bonus. Although Dortch stated that she was forced to work a less desirable shift because of her low performance rating, this minor shift change does not amount to an adverse employment action as she was not forced to work additional hours for less pay and her job duties did not change.

Assuming that the lesser bonus constitutes an adverse employment action, *see Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001), we conclude that Dortch was not meeting Verizon's legitimate performance expectations. While Dortch claims she was a good performer, her own testimony "cannot establish a genuine issue as to whether [she] was meeting [Verizon's] expectations." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). Moreover, while one of Dortch's former coworkers and a subordinate believed she did not have the communication problems identified by Verizon, it is the perception of the decisionmaker that is relevant. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000). Most of Dortch's subordinates, as well as several coworkers, complained

8

about her management style and communication skills, and Verizon can legitimately expect its supervisors to treat their subordinates with respect.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*